THE PEOPLE *ex rel.* CLARK, appellant, v. THE COMMISSIONER OF HIGHWAYS OF THE TOWN OF READING.

*Mandamus — discontinuance of highway.*

The relator procured an alternative *mandamus* directing the defendant to open and improve a certain highway, etc. The owners of the land through which the road ran had not released their right to damages, and damages had not been assessed. After the service of the *mandamus*, the highway was discontinued in the manner prescribed by law, which fact was set up in defendant's return.

*Held,* that the fact that the damages had not been released or assessed was a complete answer to the writ. So, also, was the discontinuance. The highway was subject to discontinuance though never opened, and the discontinuance was effectual, though occurring after the service of the alternative writ.

APPEAL from a judgment in favor of defendant, on a trial by the court without a jury.

*W. L. Norton,* for appellants.

*George C. Shearer,* for respondent.

PARKER, J. This cause came to trial before a justice of this court at a circuit, a jury being waived, upon issues formed by the relator's plea to defendant's return to a writ of alternative *mandamus* commanding defendant that he immediately after the receipt of the

VOL. I. — 25

writ *open and improve* a highway therein described, in the manner required by law, or show cause to the contrary thereof.

Upon the trial it appeared that the road ran through land of five different owners, who had not released their rights to damages, and whose damages had not been assessed. Also, that after the service on defendant of the writ, and before his answer, proceedings had been instituted and regularly prosecuted to completion, to discontinue the road, which fact was set up in the defendant's return to the writ.

The justice decided in favor of the defendant, and denied the application for a peremptory writ of *mandamus*, and ordered judgment to that effect, and that the alternative writ be discharged, without costs to either party.

I think the fact that the damages had neither been released nor assessed a complete answer to the writ. The alternative writ commanded the defendant°to *open and improve* the highway.

The rule is, that the writ should set. forth, with certainty, the duty to be performed 2 Crary's Spec. Pr. 67, and the peremptory writ must, when awarded, follow the alternative writ. *People* v. *Supervisors of Dutchess*, 1 Hill, 55. It cannot be said that the procuring of the damages to be assessed is included in ·the distinctive command of the writ. That is a distinct proceeding in the process of obtaining the highway, preliminary to its being opened and improved, and not a part of the opening and improving of it.

I think, also, the court was right in holding that the discontinuance of the highway was a good answer to the writ, although it was obtained subsequently'to the service of the writ.

The highway was one subject to discontinuance, although never opened. If the original occasion for it had ceased, by reason of another road having been opened, it might be discontinued although never opened, and it was not necessary to go through with the process of first having the damages assessed and paid, and the road opened and worked, before proceeding to discontinue it.

The fact that the alternative writ had been served, before the discontinuance, is no reason for refusing effect to the discontinuance. This writ is in the nature of an order to show cause, and any cause which exists at the time fixed for showing cause is available as an answer to the command in the writ. Even if the issuing and service of the writ is to be considered the commencement of an action,

still, a fact occurring after the service of the writ, if of a nature constituting an answer to the command of the writ, may be set up in the return as a defense, as in an action at law, "if any matter of defense has arisen after an issue of fact has been joined, or after a joinder in demurrer, it may be pleaded by the defendant." 1 Chitty's Pl. 696.

I am therefore of the opinion that the judgment should be affirmed with costs.

*It is so ordered, all concurring.*